
LOGGED _____ RECEIVED
NOV 17 2014
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY
DAJ: USAO 2013R00668

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC 14cr 537 |
| | * | |
| MICHAEL LOUIS PRANDY and | * | (Conspiracy to Distribute and Possess |
| TAKISHA COLE, | * | with Intent to Distribute 100 |
| | * | Kilograms or More of Marijuana, 21 |
| Defendants | * | U.S.C. § 846; Conspiracy to Interfere |
| | * | with Commerce by Extortion, 18 |
| | * | U.S.C. § 1951(a); Forfeiture, 21 U.S.C. |
| | * | § 853) |
| | * | |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From in or about May 2013 through at least in or about August 2014, in the District of Maryland and elsewhere, the defendants,

**MICHAEL LOUIS PRANDY and
TAKISHA COLE,**

did knowingly conspire with each other and others known and unknown to the Grand Jury to distribute and possess with intent to distribute one hundred kilograms or more of a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

1

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

From in or about May 2013 through in or about August 2014, in the District of Maryland and elsewhere, the defendants,

**MICHAEL LOUIS PRANDY and
TAKISHA COLE,**

did knowingly, willfully, and unlawfully conspire together with each other, others, and public officials known and unknown to the Grand Jury to obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by extortion in the form of public officials obtaining, under color of official right, the property of others with their consent and not due to the officials and their offices, to wit, by agreeing that certain individuals would provide things of value, including money, to public officials, including defendant **TAKISHA COLE**, in return for official acts involving the delivery of the mail by the United States Postal Service and the transport and distribution of marijuana, a Schedule I controlled substance, in Maryland and elsewhere.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. Proc. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, as a result of the defendants' convictions under Count One of this Indictment.

2. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count One of this Indictment, the defendants,

**MICHAEL LOUIS PRANDY and
TAKISHA COLE,**

shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, including but not limited to:

   i. $9,085 in United States currency, seized from Michael Prandy on August 13, 2014;

   ii. $23,657.36 in United States currency, seized from 9503 McAlpine Road, Silver Spring, Maryland on August 13, 2014;

   iii. $6,311.87 in United States currency, seized from Wells Fargo Bank account number XXXXXX9672 on August 14, 2014;

   iv. $7,750.28 in United States currency, seized from Bank of America account number XXXXXXXX7536 on August 14, 2014; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

*Rod J. Rosenstein*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Dated: November 17, 2014

4